**DAVIS ACOUSTICAL CORPORATION, Plaintiff,**

v.

**CAROLINA FREIGHT CARRIERS CORPORATION, Defendant.**

**Civ. A. No. 89–CV–198.**

United States District Court, N.D. New York.

April 15, 1991.

that although the ultimate destination was Chaska, Carolina Freight only transported the shipment as far as Marshfield, Wisconsin. (The bill of lading establishes that at that point the shipment was consigned to another company. *See* Scanlon Affidavit (November 29, 1990) ("Scanlon Affidavit I"), Ex. C thereto.)[1] Therefore, Davis now seeks to amend its complaint to substitute Marshfield, Wisconsin for Chaska, Minnesota, as the shipment destination.

Bouck, Holloway, Kiernan & Casey, Albany, N.Y. (David J. Pollock, of counsel), for plaintiff.

McNamee, Lochner, Titus & Williams, P.C., Albany, N.Y. (G. Kimball Williams, of counsel), Kroll & Tract, New York City (Hyman Hillenbrand, Barry N. Gutterman, of counsel), for defendant.

## MEMORANDUM–DECISION AND ORDER

McCURN, Chief Judge.

There are two motions presently before the court. The first is a motion for summary judgment by defendant, Carolina Freight Carriers Corporation ("Carolina Freight"), and the second is a cross-motion by plaintiff, Davis Accoustical Corporation ("Davis"), to amend its complaint. The court will address those motions in reverse order.

### I. Cross–Motion to Amend

#### Background

In its complaint plaintiff Davis is seeking to recover $53,885.43 for damage to a shipment of wood, which allegedly occurred while that wood was being shipped via defendant Carolina Freight. Davis alleges that "the clear pine was in good condition when loaded on the defendant's vehicle in Southbury, Connecticut." Complaint at ¶ 4. The complaint further alleges, "[u]pon arrival in *Chaska, Minnesota,* the aforesaid wood pine had been damaged." *Id.* at ¶ 5 (emphasis added).

According to Davis, and defendant agrees, the designation of Chaska as the shipment's destination is incorrect. That error in pleading resulted from the fact

## DISCUSSION

Rule 15(a) specifically provides that "leave [to amend] *shall* be freely given when justice so requires." Fed.R.Civ.P. 15(a) (emphasis added). And the Second Circuit has recognized that "[j]ustice does so require unless the plaintiff is guilty of undue delay or bad faith or unless permission to amend would unduly prejudice the opposing party." *S.S. Silberblatt, Inc. v. East Harlem Pilot Block,* 608 F.2d 28, 42 (2d Cir.1979) (citing *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222, 226 (1962)). There is no dispute that plaintiff's original claim at least states colorable grounds for relief; and the amendment of that claim would in no way change its substance. An amendment would only serve to correct the underlying factual predicate of plaintiff's original claim.

In addition, Carolina Freight did not oppose or respond to this motion in any way;[2] and thus, there has been no suggestion by it that Davis is guilty of undue delay or bad faith. Further, although the complaint in this action was filed February 17, 1989, and Davis waited until nearly two years later to seek leave to amend, it does not appear to the court that plaintiff engaged in any dilatory tactics or was motivated by bad faith. Rather, it appears that perhaps Davis did not become aware of the error in

---

1. The court notes that although this document is entitled "Straight Bill of Lading," the language referred to herein, which is critical to a determination of defendant's summary judgment motion, appears nowhere thereon.

2. In accordance with Local Rule 10(g), Carolina Freight's failure to oppose this cross-motion may be deemed by the court as consent to the

granting of such motion. As discussed more fully above, the court need not rely on that procedural technicality to justify granting Davis' motion. Counsel is advised, however, that in the future, if he does not oppose a given motion, he is to promptly notify the court as well as opposing counsel. *See* Local Rule 10(f).

the complaint until it was mentioned in defendant's motion papers, filed in December, 1990. Then, upon realizing its error, Davis promptly cross-moved to amend. Furthermore, Carolina Freight does not claim undue prejudice if such amendment is allowed, and the court can conceive of none. In light of the foregoing, the motion by plaintiff Davis to amend its complaint is granted; and plaintiff is directed to serve an amended complaint upon defendant Carolina Freight within fifteen days of the entry of this order.

## II. Defendant's Summary Judgment Motion

### Background

■ The shipment which is the subject of this dispute was purportedly transported pursuant to a written "bill of lading contract of carriage" ("bill of lading"). *See* Scanlon Affidavit I at ¶ 2. Relying upon § 2(b) of that agreement, defendant Carolina Freight contends that Davis' failure to comply with a condition precedent (the timely filing of a written claim) mandates the granting of its motion for summary judgment. In its original motion papers, there are numerous references to § 2(b). *See e.g.*, Defendant's Statement Pursuant to Local Rule 10(j) at 2–3, ¶ 10; and Scanlon Affidavit I at 2–3, ¶ 5. Although Carolina Freight included several exhibits with those motion papers, it failed to include the bill of lading, which apparently contains the language upon which defendant is relying in support of its motion. The court therefore specifically requested that document from Carolina Freight's local counsel.

Carolina Freight then filed its reply papers, including a second affidavit by Richard Scanlon. Attached as exhibit B to that affidavit is a document entitled "National Motor Freight Classification." In boldface print on the cover page of that document it states that it was "issued" April 4, 1990, and the "effective" date, "except as otherwise provided" therein, is May 5, 1990. *See* Scanlon Affidavit (March 20, 1991), Ex. B thereto. The shipment at issue here took place on March 29, 1988, however, and thus

that document is irrelevant because plainly it was not in effect then. (Neither of the sections designated as 2(b) in that document indicate a different effective date.) Although the court can envision a scenario in which that document could be relevant to this motion, the affidavits of Mr. Scanlon do not explain that relevancy. Consequently, without the bill of lading which was in effect during the relevant time period or some other agreement which Carolina Freight claims contains the determinative language, the court cannot reach the substantive issues presented by this summary judgment motion.

Accordingly,

1) Defendant's motion for summary judgment is denied; and

2) Plaintiff's cross-motion to amend the complaint is granted.

IT IS SO ORDERED.